**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.
Nevada Bar No. 10698
Regina A. Habermas, Esq.
Nevada Bar No. 8481
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 24-70340

Attorneys for *Secured Creditor* The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-46CB, Mortgage Pass-Through Certificates, Series 2005-46CB

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>ALFRED THOMAS DEVAULT,<br><br><br>Debtor. | BK Case No. 25-11198-abl<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN** |

### OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-46CB, Mortgage Pass-Through Certificates, Series 2005-46CB ("Creditor"), a secured creditor in the above-captioned bankruptcy action, hereby submits the following Objection to confirmation of the Chapter 13 Plan proposed by the Debtor, Alfred Thomas Devault ("Debtor"). This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

**I.    STATEMENT OF FACTS**

Creditor's claim is evidenced by a promissory note executed by Debtor and dated August 13, 2005, in the original principal sum of $351,000.00 (the "Note").  *See* Claim

Number 3 on the Claims Register.[1] The Note is secured by a Deed of Trust encumbering the real property commonly known as 4571 Dopo Ct, Las Vegas, NV 89135-2542 (the "Property"). *Id*. Creditor holds possession of the Note, which is indorsed in blank. *Id*. The beneficial interest in the Deed of Trust was also subsequently transferred to Creditor. *Id*.

On or about January 16, 2024, Debtor executed a Loan Modification Agreement (the "Modification"), in which Debtor acknowledged the unpaid balance on the mortgage loan had increased to $367,759.86. *Id*. Pursuant to the Modification, the interest rate was reduced and repayment of $20,000.00 of the outstanding balance was deferred until the maturity of the loan with no interest accruing on that portion of the balance while it remains unpaid. *Id*. Together, the Note, Deed of Trust, and Modification are collectively referred to hereafter as the "Loan."

On May 12, 2025, Creditor filed its Proof of Claim, secured by the Property, evidencing a total outstanding balance in the amount of $405,715.20, including a pre-petition arrearage claim of $87,109.19. *See* Claim Number 3 on the Claims Register. As of the Petition date, the Loan was contractually due for the July 1, 2021 payment and the monthly payment was $1,485.45 and subject to change pursuant to the terms of the Loan. *Id*.

On May 1, 2023, Debtor filed a prior voluntary petition for relief under Chapter 13 of the Bankruptcy Code, and was assigned case number 23-11750 (the "First Bankruptcy"). The First Bankruptcy was dismissed on September 29, 2023 for failure to make payments. *See* First Bankruptcy Docket Number 26. Subsequently, on November 13, 2023, Debtor filed another voluntary petition for relief under Chapter 7 of

---

[1] Pursuant to Rules 201(b) and 201(c) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the pleadings and papers on file and of record in the bankruptcy case(s) discussed herein.

the Bankruptcy Code, and was assigned case number 23-15008 (the "Second Bankruptcy"). On February 12, 2024, the Court entered a discharge in the Second Bankruptcy. *See* Second Bankruptcy Docket Number 17. On September 5, 2024, a Final Decree was entered in the Second Bankruptcy and the case was closed. *See* Second Bankruptcy Docket Number 19.

On March 4, 2025, the Debtor filed the Voluntary Chapter 13 Petition that initiated the above-captioned action (the "Instant Bankruptcy"). *See* Instant Bankruptcy Docket Number 1.

On March 5, 2025, Debtor filed Chapter 13 Plan #1 (the "Plan"). *See* Instant Bankruptcy Docket Number 7. The Plan proposes Debtor will make regular monthly payments to the Trustee of $3,234.00 over the sixty-month term, for a total of $194,040.00 in proposed Plan payments. *Id*. With respect to Creditor's claim, the Plan proposes conduit mortgage payments in an understated amount of $1,451.96, and provides for the cure of only $79,172.00 of the pre-petition arrears owed to Creditor. *Id*.

Creditor now objects to the Plan filed herein by the Debtor.

## II.    ARGUMENT

The provisions of 11 U.S.C. § 1325 set forth the requirements for a court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (9th Cir. BAP 1988). For the reasons detailed herein, Debtor fails to meet this burden.

**A.    THE PLAN FAILS TO PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED UNDER 11 U.S.C. §1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim includes $87,109.19 in pre-petition

3

arrears; however, the Plan proposes Debtor will cure only $79,172.00 of that amount. The Property is the Debtor's primary residence and so Creditor's claim cannot be modified over Creditor's objection pursuant to 11 U.S.C. §1322(b)(2). In order to properly cure the pre-petition arrears owed to Creditor over the 60-month term of the Plan, Debtor will need to make an average payment on the mortgage arrears of $1,451.82 per month. Because the Plan proposed by the Debtor fails to cure Creditor's pre-petition arrears, it cannot be confirmed.

**B.    THE PLAN FAILS TO PROVIDE PROPERLY FOR ONGOING POST-PETITION PAYMENTS.**

Section 1322(b)(5) of the Bankruptcy Code also requires the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. 11 U.S.C. § 1322(b)(5). Here, the Loan matures September 1, 2035, which is after the term of the Plan. Yet, the Plan fails to properly provide for ongoing post-petition payments to Creditor. As stated above, the current monthly payment on the Loan is $1,485.45. However, Debtor proposes a conduit payment of only $1,451.96 per month. *Id.* Because the Plan fails to provide properly for the maintenance of post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

**C.    THE CHAPTER 13 PLAN IS INFEASIBLE.**

Pursuant to 11 U.S.C. § 1325(a)(6), a court shall not confirm a plan unless the debtor will be able to make all payments under the plan. Debtor's Schedule J states that Debtor has gross income of $3,587.51 and expenses of $3,563.18. *See* Instant Bankruptcy Docket Number 17. Therefore, as Debtor admits, Debtor's net income each month is only $24.33. *Id.* In addition, Debtor does not expect an increase or decrease in income or expenses. *Id.*

/././

However, the minimum monthly payment required to make the correct ongoing mortgage payment and cure the pre-petition arrears on the Loan is $2,937.27, which is equal to 82% of Debtor's gross income. Moreover, the Plan proposes Debtor will pay the Trustee $3,234.00 each month, which is equal to more than 90% of Debtor's gross income. As a result, Debtor cannot demonstrate any ability to fund the Plan and properly provide for Creditor's secured claim as well as other amounts that need to be paid through the Plan.

In addition, the Court dismissed the First Bankruptcy because Debtor failed to make plan payments. Debtor's poor performance in the First Bankruptcy is further evidence of the lack of feasibility of the Plan in the Instant Bankruptcy and demonstrates that this action is not likely to succeed. Finally, the lack of feasibility of the Plan is evidenced by Debtor's refusal to commence any payments to the Trustee. *See* Trustee's Ledger, a true and correct copy of which is attached hereto as **Exhibit "1"** and incorporated herein by reference. As of the filing of this objection, Debtor has refused to make any payments to the Trustee and is already delinquent in the amount of $6,468.00. *Id*.

Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the Objections specified above in order to be feasible and to provide adequate protection to this Creditor. Because the Plan fails to do so, Creditor respectfully requests that the Court deny confirmation of the Chapter 13 Plan as proposed by Debtor.

WHEREFORE, Creditor prays as follows:

1. That confirmation of the proposed Chapter 13 Plan be denied;
2. For attorney's fees and costs incurred herein;

/././

/././

/././

3. For such other and further relief as this Court deems just and proper.

DATED this 20th day of May, 2025.

               **TIFFANY & BOSCO, P.A.**

By /s/ Regina A. Habermas, Esq.
**REGINA A. HABERMAS, ESQ.**
Attorney for Secured Creditor
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135

# EXHIBIT "1"

# EXHIBIT "1"

## PRINT INQUIRY

Close Window

Click Here to Print this Page

| 25-11198-ABL | ALFRED THOMAS DEVAULT (xxx-xx-1922) | 4571 DOPO CT • • LAS VEGAS • NV • 89135 | $3,234.00 MO | Bar Date(s): | 5/13/2025  9/1/2025 |
|---|---|---|---|---|---|
| | | | | Confirmed: | Not Confirmed |
| | Trustee: Kathleen A. Leavitt | Attorney: LAW OFFICE OF ERIK SEVERINO | | Case Status: | ACTIVE |

### Debtor Pay Schedules

| Start Date | Number Periods | Amount | How Often | Who's Paying | Order Date | Action |
|---|---|---|---|---|---|---|
| 4/4/2025 | end of plan | $3,234.00 | MONTHLY | ALFRED THOMAS DEVAULT | 3/6/2025 | |

**Forgive Information**

| Date | Amount | Description |
|---|---|---|

Payments Expected for Step 1:

| Period | Start Date | End Date | Payment Amount Expected | Total |
|---|---|---|---|---|
| 1 | 4/4/2025 | 5/3/2025 | $3,234.00 | $3,234.00 |
| 2 | 5/4/2025 | 6/3/2025 | $3,234.00 | $6,468.00 |
| 3 | 6/4/2025 | 7/3/2025 | $3,234.00 | $9,702.00 |
| 4 | 7/4/2025 | 8/3/2025 | $3,234.00 | $12,936.00 |
| 5 | 8/4/2025 | 9/3/2025 | $3,234.00 | $16,170.00 |
| 6 | 9/4/2025 | 10/3/2025 | $3,234.00 | $19,404.00 |
| 7 | 10/4/2025 | 11/3/2025 | $3,234.00 | $22,638.00 |
| 8 | 11/4/2025 | 12/3/2025 | $3,234.00 | $25,872.00 |
| 9 | 12/4/2025 | 1/3/2026 | $3,234.00 | $29,106.00 |
| 10 | 1/4/2026 | 2/3/2026 | $3,234.00 | $32,340.00 |
| 11 | 2/4/2026 | 3/3/2026 | $3,234.00 | $35,574.00 |
| 12 | 3/4/2026 | 4/3/2026 | $3,234.00 | $38,808.00 |
| 13 | 4/4/2026 | 5/3/2026 | $3,234.00 | $42,042.00 |
| 14 | 5/4/2026 | 6/3/2026 | $3,234.00 | $45,276.00 |
| 15 | 6/4/2026 | 7/3/2026 | $3,234.00 | $48,510.00 |
| 16 | 7/4/2026 | 8/3/2026 | $3,234.00 | $51,744.00 |
| 17 | 8/4/2026 | 9/3/2026 | $3,234.00 | $54,978.00 |
| 18 | 9/4/2026 | 10/3/2026 | $3,234.00 | $58,212.00 |
| 19 | 10/4/2026 | 11/3/2026 | $3,234.00 | $61,446.00 |
| 20 | 11/4/2026 | 12/3/2026 | $3,234.00 | $64,680.00 |
| 21 | 12/4/2026 | 1/3/2027 | $3,234.00 | $67,914.00 |
| 22 | 1/4/2027 | 2/3/2027 | $3,234.00 | $71,148.00 |
| 23 | 2/4/2027 | 3/3/2027 | $3,234.00 | $74,382.00 |
| 24 | 3/4/2027 | 4/3/2027 | $3,234.00 | $77,616.00 |
| 25 | 4/4/2027 | 5/3/2027 | $3,234.00 | $80,850.00 |
| Total | | | | $80,850.00 |

Breakdown for Combined Schedules

| Period | Date (Month/Year) | Payment Due | Payment Received | Forgive Amount | Amount Due |
|---|---|---|---|---|---|
| 1 | 4/2025 | $3,234.00 | | | $3,234.00 |
| 2 | 5/2025 | $3,234.00 | | | $6,468.00 |

**Total Delinquent Amount: $6,468.00**

| | |
|---|---|
| 1 | **TIFFANY & BOSCO, P.A.** |
| 2 | Krista J. Nielson, Esq.<br>Nevada Bar No. 10698 |
| 3 | Regina A. Habermas, Esq.<br>Nevada Bar No. 8481 |
| 4 | 10100 W. Charleston Boulevard, Suite 220<br>Las Vegas, NV 89135 |
| 5 | Telephone:  702 258-8200<br>Fax:  702 258-8787 |
| 6 | nvbk@tblaw.com |
| 7 | TB File No. 24-70340 |
| 8 | Attorneys for *Secured Creditor* The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-46CB, Mortgage Pass-Through Certificates, Series 2005-46CB |
| 9 | |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| IN RE: | | BK Case No.: 25-11198-abl |
| ALFRED THOMAS DEVAULT, | | Chapter 13 |
| | Debtor, | **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

1. On this 20th day of May, 2025, I served the following documents:

   **OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN**

2. I caused to be served the above-named document by the following means to the persons as listed below:

   X    **a. ECF System**

       Erik C Severino
       erik@mylasvegaslawyers.com
       Attorney for Debtor

       Kathleen A. Leavitt
       courtsecf3@las13.com
       Trustee

1

     X  **b. United States mail, postage fully prepaid:**

        Erik C Severino
        7251 W. Lake Mead Blvd., Ste 300
        Las Vegas, NV 89128
        Attorney for Debtor

        Alfred Thomas Devault
        4571 Dopo Ct.
        Las Vegas, NV 89135
        Debtor

     **I declare under penalty of perjury the foregoing is true and correct.**

DATED this 20th day of May, 2025.

By:  /s/ Michelle Benson