NVB 2016 (05/2022)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

## Fee Application Cover Sheet

Case No.: __25-11198-abl__   Chapter: __13__   Hearing Date/Time: __NA/Ex Parte__

Debtor: __ALFRED THOMAS DEVAULT__

Applicant: __ERIK SEVERINO, ESQ.__

Date of Employment: __03/04/2025__

Interim Fee Application No: _____   OR   Final Fee Application __X__

**Amounts Requested:**                         Client Approval: Yes ☑  No ☐

Fees:       $ __5,000.00__

Expenses:   $ _____

Total:      $ __5,000.00__

Hours: _____                              Blended Rate: $ __400.00__

Fees Previously Requested: $ _____       Awarded: $ _____

Expenses Previously Requested: $ _____   Awarded: $ _____

Total Previously Requested: $ _____      Awarded: $ _____

Total Amount Paid: $ __1,000.00__

**Chapter 13 Cases ONLY:**

Yes ☑  No ☐  Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on __09/26/2025__ .

Yes ☐  No ☑  Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

__/s/ ES__                                     Date __09/26/2025__
Signature

Case 25-11198-abl    Doc 28    Entered 09/26/25 11:33:55    Page 2 of 6

Erik Severino, Esq.
Nevada Bar 10221
LAW OFFICE OF ERIK SEVERINO
7251 W. Lake Mead Blvd., #300
Las Vegas, NV 89128
(702) 370-0155
Erik@mylasvegaslawyers.com
Attorney for Debtor.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In Re: ) | Chapter: | 13 |
| ) | Case No.: | 25-11198-abl |
| ALFRED THOMAS DEVAULT, ) | | |
| ) | Hearing Date: | NA |
| ) | Hearing Time: | NA |
| Debtor ) | | |
| ) | | |
| _____ ) | | |

**EX PARTE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO L.R. 2016.2(a)**

COMES NOW, Erik Severino, Esq., of The Law Office of Erik Severino, attorney for Debtor(s) in the above captioned case, and hereby files this Ex-Parte Application for Compensation and Reimbursement of Expenses Pursuant to L.R. 2016.1(a). Debtor's Chapter 13 Plan was confirmed on July 7, 2025.  I am accepting $5,000.00, including costs, which is equal to the presumptive fee of $5,000.00, as allowed by Local Rule 2016.02. Debtor already paid $1,000.00 to the Law Office of Erik Severino prior to filing which now leaves a balance of $4,000.00 to be paid through Debtor's confirmed plan.  In exchange for this fee, I certify that I have provided, or am willing to provide, the following services as applicable:

    1. Meet with the debtor to review the debtor's debts, assets, income and expenses;

    2. Analyze the debtor's financial situation and render advice to the debtor in determining whether to file a petition in bankruptcy;

3. Counsel the debtor regarding the option of filing either a chapter 7 or chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions;

4. Advise the debtor of the requirements to obtain prepetition credit counseling and a post-petition financial management course from approved providers;

5. Prepare and file the debtor's petition, statements, schedules, plan, and related documents, and any amendments thereto which may be required. Verify that the information contained therein is consistent with the documentation provided by the debtor;

6. Prepare, file, and serve any motion that may be necessary to appropriately represent the debtor in the case, including but not limited to, motions to impose or extend the automatic stay;

7. Prior to filing, review the completed bankruptcy petition, statements, schedules, and related documents with the debtor and make necessary changes and additions. Obtain the debtor's signature and file the petition, statements, schedules, and related documents;

8. Determine the status of the debtor's eligibility for discharge; explain to the debtor which debts will not be dischargeable upon completion of the plan, with particular attention to student loans and domestic support obligations. If the debtor is not entitled to a discharge, explain the consequences;

9. Based on the terms of the chapter 13 plan, explain what payments will be made directly by the debtor and what payments will be made by the chapter 13 trustee, with particular attention to mortgages, vehicle loan payments, and other secured debt;

10. Explain to the debtor how, when and where to make chapter 13 plan payments and that the first plan payment must be made to the trustee within 30 days of filing the petition;

11. Advise the debtor of the necessity of maintaining insurance on collateral;

12. Advise the debtor not to sell, give away or otherwise transfer any property without court approval;

13. Advise the debtor not to borrow money, incur debt, or refinance any loans without prior court approval;

14. Advise the debtor of the necessity of timely filing all tax returns and of paying all post-petition taxes;

15. Advise the debtor of the requirement to turn over tax returns each year to the trustee. If the plan provides for it, advise the debtor of the requirement to turn over tax refunds to the trustee each year;

16. Advise the debtor of the requirement to attend the § 341 meeting of creditors, and instruct the debtor as to the date, time and place of the meeting and the necessity of bringing a photo ID and acceptable proof of debtor's social security number to the meeting;

17. Collect, review, and submit documents to the chapter 13 trustee that are required in advance of the § 341 meeting of creditors;

18. Attend the § 341 meeting of creditors and any court hearings, either personally or through another attorney;

19. Timely serve the chapter 13 plan and any amended plan; and notice of confirmation hearing, on all creditors and other required parties;

20. Timely address objections to confirmation of the chapter 13 plan and any amended plan;

21. Review proof of claims. When applicable, amend the plan to address claims or object to improper or invalid claims;

22. With respect to claims secured by a debtor's residence, timely review Notices of Payment Changes, Notices of Post-petition Fees, Notices of Final Cure Payment, and Responses to Notices of Final Cure Payment; if necessary, take appropriate action;

23. When applicable, timely file proofs of claims on behalf of creditors;

24. File the Certificate of Debtor Education; and

25. File the Chapter 13 Debtor's Certifications Regarding Plan Payments, Domestic Support Obligations and Section 522(q).

The following services are not included in the presumptive fee:

1. Prosecution or defense of any adversary proceeding or evidentiary hearing;

2. Representation in any unanticipated litigation or contested proceedings arising from the debtor's failure to provide complete and accurate information to the attorney; and

3. Representation in or services provided for any matter not otherwise addressed above., including motions for turnover, motions to value property, motions to avoid liens, motions to employ professional, and motion to confirm modified chapter 13 plans.

DATED this 26th day of September, 2025.

Law Office of Erik Severino,

/s/ Erik Severino
ERIK SEVERINO, ESQ.
Nevada Bar 10221
7251 W Lake Mead Blvd., #300
Las Vegas, NV 89128
Attorney for Debtor

I have reviewed this document and understand the amount of attorney's fees to be charged and the services to be provided by my attorney in exchange for this fee in this Chapter 13 Bankruptcy case. I understand that my attorney is charging $5,000.00 which is equal to the Presumptive Fee of $5,000.00. I also understand that I have already paid $1,000.00 to my attorney's office prior to filing and that a total of $4,000.00 will be paid through my plan of reorganization. I further understand that there may be services rendered in this case that are not included in the $5,000.00 fee and my attorney may request approval of those additional fees from the Court.

DATED: September 26, 2025

By: /s/ *Alfred Thomas Devault*
Debtor